## PERRY vs ARCHARD.

### Opinion delivered October 30, 1897.

*Burden of Proof—Right to Open and Close—Discretion of Court.*

Defendant pleaded failure of consideration of the note sued on by plaintiff, and asked that he be allowed to assume the burden of proof and to open and conclude the argument to the jury. Plaintiff alleged that he owned the note sued on, and was an innocent purchaser of same for value before maturity. *Held,* The right to open and close the argument in a case in which the defendant alleges new matter, is largely in the discretion of the trial court and it is not an abuse of discretion in this cause to allow defendant to open and close.

*Written Instrument—Secondary Evidence—Error.*

The court below permitted appellee to testify in regard to a certain written application for a policy of life insurance. Appellee did not show that any diligence was used to obtain the production of said written application in court. *Held,* It was error to permit appellee to prove its contents by secondary evidence.

*Promissory Note—Consideration—Premium on Life Insurance Policy.*

Appellee gave the note sued on in payment of the first years premium on a policy of life insurance. The policy issued was a twenty year policy. He claims to have applied for a fifteen year policy. He received the twenty year policy, retained it for a year and made no objection to the terms being twenty years instead of fifteen. *Held,* There was no failure of consideration. The admitted facts in the case entitled plaintiff to a verdict and the court below should have instructed the jury upon its own motion to return a verdict for the plaintiff for the amount due on the note.

*Promissory Note—Innocent Purchaser—Agency.*

The note was taken by one Kone a subagent of the insurance company working under plaintiff. *Held,* That the plaintiff

was responsible for Kone's act and could not be an innoc
purchaser of the note.

Appeal from the United States Court for the Southe
District.

C. B. KILGORE, Judge.

Suit by C. E. Perry against P. Archard on a pron
sory note. Judgment for defendant. Plaintiff appe:
Reversed with instructions to render judgment for plain
for the amount due on the note.

This suit was brought by C. E. Perry, appellant, 
was plaintiff below, against appellee, P. Archard, who 
defendant below, in the United States commissioner's c
at Ardmore on September 24, 1890, upon a promissory 
payable six months after date to O. B. Kone or order, 
interest at 12 per cent., and an attorney's fee of 10 per c
in case of legal proceedings, and was signed by P. Arch:
the appellee. The note was indorsed in blank by pa
This suit was tried in the commissioner's court on Noven
17, 1890, and the trial resulted in a judgment for appe
from which judgment appellant prosecuted his appeal to
United States Court for the Indian Territory at Ardm
On October 29, 1895, this suit was tried in the United St
Court, and on said trial appellant alleged he owned the 
sued on, and was an innocent purchaser of the same
value, before maturity. Appellee admitted in his plea
that he executed and delivered the note sued on to C
Kone; that appellant obtained the same from said Kone 
valuable consideration, before maturity; and that appe
was entitled to recover unless appellee showed that the 
sideration of the note sued on had failed. Appellee 
asked that he be allowed to assume the burden of proof

and to open and conclude the argument to the jury, to
...ich request appellant objected, because appellant claimed
...d pleaded that he was an innocent purchaser of said note
... value, before maturity, without any notice of any failure
... consideration, which appellee declined to admit. The
...rt overruled this objection of appellant, and permitted
...pellee to open and conclude the argument of the case to
... jury, to which ruling appellant, in open court, duly ex-
...ted. Upon said trial, appellee proved by himself that
... note sued on was executed for an annual premium on a
... insurance policy, for which he made application to the
...itable Life Insurance Company of New York through its
...nt, O. B. Kone Appellee and his two witnesses, S. S.
...nts and W. H. Usrey, all three testified that said applica-
... was in writing. Appellee and said witness Evants were
... permitted by the court to testify that appellee applied
... a 15-year policy through said Kone as agent, and that he
...ived a 20-year policy instead, to which testimony appel-
..., at the time it was offered, objected, because, said ap-
...ation being in writing, oral testimony as to its contents
... inadmissible, no predicate having been laid by appellee
...the introduction of secondary evidence of the contents of
... application, and to the overruling of which objections
...ellee duly excepted. It was admitted upon this trial by
...ellant, in open court, that appellee had in his possession
...he time of the trial of this cause in the commissioner's
...t on November 17, 1890, the life insurance policy issued
... the application made by appellee to said Equitable Life
...rance Company through said Kone. Appellant filed his
...on for a new trial, which was overruled, to which action
...e court appellant duly excepted. Appellant now pro-
...tes this appeal.

*C. L. Herbert* and *H. L. Stuart*, for appellant.

*C. M. Campbell* and *Johnson, Cruce & Cruce,* for appell

SPRINGER, C. J. (after stating the facts.) The
pellant's first assignment of error is to the effect that
court erred in granting the appellee the right to open
conclude the argument to the jury on the trial of said cau
because the burden of proof was placed by law upon ap
lant, as plaintiff in the case, and because appellee faile
admit that appellant was an innocent purchaser for va
before maturity, of the note sued on, as appellant alleged

**Right to open and close.** claimed. The right to open and close the argument i
case is, in cases in which the defendant alleges new ma
of defense, largely in the discretion of the trial court; a
unless it appeared that such discretion had been abused
the prejudice of the opposite party, the case should no
reversed on this account.

The second assignment of error is as follows: '
court erred in permitting appellee and his witness S
Evants to testify that appellee applied to the Equitable
Insurance Company through O. B. Kone, its agent, f
fifteen-year life insurance policy,—that is, for a life i
ance policy on which fifteen annual premiums would ha
be paid, and which would mature in fifteen years,—the
herein sued on being executed for the first annual prem
on said policy, because appellee, said Evants, and app
other witness, W. H. Usrey, all testify that appellee ma
written application for said policy to said company, w
said written application was the best evidence of the ki
policy applied for by appellee. No diligence of effort
shown by appellee to obtain the production of said wi
application in court. No written notice to produce
written application in court was ever served on appella
any time. No verbal notice to produce said written ap
tion in court was ever given appellant until after the tr
the United States Court, from the result of which tria

eal is taken, had commenced. The possession of said
tten application was not traced to appellant, and no
licate of any kind was laid by appellee for the introduc-
of secondary evidence of the contents of said written
lication."

The rule is well settled that secondary evidence of the
ents 'of a written instrument cannot be given if the
inal is shown or appears to be in the possession or power
dverse party, unless the party proposing to offer such
ndary evidence gives such notice to produce it as the
t regards as reasonably sufficient to enable it to be pro-
d. Steph. Dig. Ev. p. 139, and authorities therein cited.
object of the notice to produce is to enable the party to
the document in court, and, if he does not, to enable his
nent to give parol evidence of its contents. All rea-
ble means to procure the original must be taken before
ndary evidence can be given. Bourne vs Buffington,
Mass. 481; U. S. vs Duff, 6 Fed. 45; DeWitt vs Prescott,
lich. 298, 16 N. W. 656; McPherson vs Rathbone, 7
d. 216; Insurance Co. vs Cadwell, 3 Wend. 296. It ap-
s from the record in this case that no notice was given
ppellant or to the insurance company of which he was
gent to produce the written application which appellee
to the company, and which would have disclosed the
s to whether he had applied for a 15 or a 20 year policy.
e deposition of O. B. Kone, who was the agent who
out the application, it is stated that the application
h writing, and the policy was "to run for a period of
y years, the policy being a twenty-years tontine, on
dinary life plan." The appellee testified that the
that he applied for was to run for 15 years, and that
lined to accept this policy, because it was to run for
ars. This conflict in the parol evidence shows the im-
nce and necessity of the rule, which requires all rea-
le means to be taken in order to procure the original

*[margin note:]* Written Instrument— Notice to produce.

documents before secondary evidence of their contents
be given. In the case at bar the question as to whether
pellee applied for a 15-year or a 20-year policy was
material. In fact, the case seems to have turned on
point. Appellee pleaded failure of consideration, and
alleged failure was that he had not received the 15-
policy, for which he applied, but a 20-year policy inst
The fact was found, on the parol evidence, in favor of

**Written In-**
**strument—**
**Secondary**
**evidence of**
**contents—**
**Error.**

pellee's contention. The written application would
definitely settled the question. It was error to permi
pellee to prove its contents by secondary evidence, the
per notice not having been given for the production o
original.

The third assignment of error is as follows:
court erred in not giving the following charge, request
appellant: "That if the defendant, the purchaser of
policy, failed to return it within a reasonable time,
kept it until the time was out, he would be estop
This instruction, or the substance of it, should
been given to the jury. It has the merit of br
but the court might with propriety have elaborated
suggested in appellant's brief, so as to have pres
clearly to the jury the principle "that appellee would
topped from claiming that he had received a policy
ing in twenty years instead of one maturing in fifteen
if he failed to return the twenty year policy with
reasonable time, and kept it until the year during whic
policy he contracted to obtain was kept in full force b
premium represented by the note sued on had exp
The true test as to whether there had been a failure o
sideration was this: In the event of the death of the in
the appellee in this case, during the year for which h
insured, could the beneficiaries of the policy have rec
from the insurance company the amount for which h
insured? If appellee had died with this policy in his

ion would not the company have been liable?    What de-
e could it have set up to defeat an action on  the  policy?
d received the premium for one year.    The  agent  had
 the money to the company, and loaned  the  insured  an
nt sufficient to pay the premium.    The  policy  was  ad-
ed to be in the possession of the insured  for  the  whole
 for which the premium had been paid. If the insurance
any had refused to pay in the event of death, and  had,
suit to recover the amount of  the  policy,  interposed  a
 or answer to the effect that it  was  true  the  company
been paid the premium for one year, yet that the insured
borrowed the money with which to  pay  the  premium,
ad given his note therefor, payable in six months,  but
efused to pay the note, claiming that he had received a
ty year  policy  instead  of  a  fifteen year policy, such
ense would have been promptly set aside on  demurrer.
premium on a twenty-year policy for one year was less
it would have been on a fifteen-year policy for the same
nt.    Hence the insured could not complain that for the
ear for which he had paid for insurance he had paid more
 the insurance for that period of time was worth.    If he
eally desired a fifteen-year policy,  the  exchange  could
 have been made within the year.    He was  in  no  wise
d or prejudiced by mistake as to the time the policy was
ture.    He had one year of life insurance,—all the time
hich he had paid,—and, after receiving the benefit of the
ance  for  one  year,  he  was estopped from pleading a
e of consideration.    It will be seen from the  statement
s case that it was admitted upon the trial that appellee
n  his possession at the time of the trial in the commis-
's court the insurance policy issued upon  the  applica-
made by appellee.    Counsel for appellee accept,  in
rief, this statement as  true.    One  year  had  elapsed,
 time of the trial in the commissioner's court, since the
f  the  policy.    During all this time it was held by the

insured, and during this time the company was liable to
to the beneficiaries of the policy, in case of his death,
full amount for which he was insured. There was, theref
no failure of consideration. The admitted facts in the

**Court should have instructed a verdict.**
entitled the plaintiff below to a verdict, and the trial c
should have instructed the jury, upon its own motion, to
turn a verdict for the plaintiff for the amount due on
note. Instead of doing this, the court submitted the ques
to the jury as to whether there was a failure of considerat
The admitted facts showed that there was no failure.

There is much contention shown in the record a
whether the appellant was an innocent purchaser of the
for value, before maturity. This fact, in view of the e
ence, was immaterial. Kone, the payee of the note, wa
he testified, working under Perry as subagent for the
company. Perry was charged with knowledge of Ko
acts, and he stood in the same position that Kone did, so

**Plaintiff not innocent purchaser.**
as the contract with appellee is concerned. He was i
sense an innocent purchaser of the note. Counsel fo
pellant should have conceded this point. Contention fo
untenable position always obscures, and frequently p
dices, the merits of a case. The judgment in this case i
versed, and the cause is remanded, with instructions to
der a judgment for appellant for the amount due on the
according to its tenor and effect, and for costs.

CLAYTON and THOMAS, JJ., concur. TOWNSEND
not being present, did not participate.